defendant has no right to discharge water from the basin or depression in the northwest corner of his field, notwithstanding the fact that when the water overflows the rim of the basin it naturally flows to the culvert. It is evident that the spur ditch running northwest from the elbow of the main ditch does conduct some water from the basin that would not otherwise flow to the culvert and to that extent defendant is maintaining a drain without lawful right (Butler v. Peck, supra).

It is speculation for the most part as to the distance a tile ditch will drain—being greater in some soils than others. The evidence tends to prove that the tile ditch in defendant's field will not drain more than 50 feet.

The defendant is therefore enjoined from maintaining the spur ditch within 50 feet of the basin. This disposes of defendant's claim for damages, because he has been discharging some water through the culvert that did not naturally flow there. The evidence shows that plaintiff has prevented the free flow of the water from the east side of the culvert. Plaintiff is bound to permit the free flow of the water from the culvert over his land with the exception hereinbefore stated, and the exception covers but a very small portion of the water collected there. Because a small quantity of water is discharged at the culvert that defendant is not entitled to flow over the plaintiff's lands is no excuse for the plaintiff's failure to provide for the free flow of the other surface water. Plaintiff has acted upon the assumption that he was not bound to receive any of the water discharged by defendant's ditch. He was bound to receive the greater portion of it. Having interfered with and obstructed the free flow of the water he is not in a position to claim damages. But the evidence does not show that he has suffered damage.

The claims of both parties to damages are disallowed. Both being in fault, there should be no recovery of costs. Plaintiff is enjoined from obstructing the free flow of said water from the east side of said culvert over his lands. Defendant is enjoined from maintaining the spur ditch to the extent above indicated.

T. E. Scroggy, for plaintiff.

T. L. Magruder and M. J. Hartley, for defendant.

---

(Superior Court of Cincinnati.)

G. H. BARBOUR v. H. H. BOYCE.

---

Garnishees should not be added as defendants nor named in the caption of the petition.

---

HUNT, J.

This is a motion to strike from the files the separate demurrers of Thomas C. Campbell and John C. Otis, garnishees, on the ground that the demurrers and each one of them was irregularly and improperly filed, and on the further ground that said demurrers and each of them is contrary to law. The demurrers in question are general demurrers.

The caption of the petition named H. H. Boyce, as defendant, and Thomas C. Campbell and John C. Otis, as garnishees.

The garnishee is not in Ohio, as in many of the states, a party to the attachment action. He has no day in court (Secor v. Witler, 39 Ohio St., 213). The affidavit and order of attachment are no part of the pleadings in the action, and the grounds for attachment should not be stated in the petition (Harrison v. King, 9 Ohio St., 388.) The proceeding is purely ancillary, and hence it follows that garnishees should not be added as defendants. (1 Bates' Pleading and Parties, 285, par. 9; Maples on Attachment sec. 473.) Nor should the garnishees be named in the caption of the petition. They are improperly there.

The demurrers therefore are improperly filed, and should be stricken from the files. Motion granted.

Aaron A. Ferris for the motion.

Clement Bates contra.

---

(Hamilton Co., O, Common Pleas Court.)

WILLIAM C. VINCENT et al., v. THE HARRISON B. & D. CO.

---

A member of a building association claiming to have been first on the "withdrawal list," refused payment in full after the association has passed into the hands of a receiver.

---

SPIEGEL, J.

George Howell, one of the stockholders of the defendant corporation, appears in this case and demands payment in full of the amount paid in by him to the association. He claims that he was first on the withdrawal list of the company, and at that time there was sufficient money in its treasury to meet this demand. He requests to be paid in full because, if the aforesaid facts are established, he made his demand before the appointment of a receiver, and because said company was and is not insolvent.

Upon the first proposition I do not find from the testimony that preponderance of evidence which is necessary to substantiate his claim. The company is not bound by the secretary's testimony, especially not as the minutes do not show the keeping of a withdrawal list, and further, because his testimony shows that he accepted notice of withdrawals everywhere, and he must therefore

simply rely upon his memory for the correctness of the position of the withdrawals. His memory herein is disputed by the preponderance of the testimony. Further, the petitioner is not entitled to be paid in full. The evidence shows that at the time his withdrawal was filed with the company, the latter, although not insolvent, had sustained large losses by reason of the depreciation of its mortgage securities. Mr. Howell, a member of the company, can not by filing a notice of withdrawal, whether first or last on the list, escape his share of these losses, whether determined then, or later by the company. He has also, by being a party to the action in which a temporary receiver was appointed, contributed to the costs thereof, and must bear his share of that burden.

His petition is therefore dismissed.

Geo. B. Goodhart and C. B. Matthews, for plaintiff.

M. L. Buchwalter, for defendant.

---

(Hamilton Co. O., Common Pleas Court.)